UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORMAN CRITTENDEN, | § | |
|     *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-3940 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|    DIRECTOR OF THE TEXAS DEPARTMENT | § | |
|    OF CRIMINAL JUSTICE - CORRECTIONAL | § | |
|    INSTITUTIONS DIVISION, | § | |
|     *Respondent*. | § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

This habeas case is before the court on respondent Nathaniel Quarterman's motion to dismiss (Dkt. 38). The court recommends that the motion be granted and the petition be dismissed with prejudice.[1]

## Background

In 1985, petitioner Norman Crittenden pled guilty to felony theft in Illinois for stealing a car. *See People v. Crittenden*, 500 N.E.2d 678, 678-79 (Ill. App. Ct. 1986); *see also* ILL. REV. STAT. 38/16-1(e)(3) (1985) (classifying theft of property worth $300 or more as a "Class 3 felony."). In 1986, an Illinois appellate court overturned Crittenden's conviction because the sentencing judge did not ask him if he understood the charges against him and did not inform him of the minimum and maximum possible sentences before he waived his right to counsel and pled guilty. *Crittenden*, 500 N.E.2d at 681-82. In 1987, Crittenden, this

---

[1] In light of this recommendation on the merits, all of Crittenden's non-dispositive motions are dismissed as moot. *See* Dkts. 31, 34, 37, 39, 40, 45, and 55.

time represented by counsel, again pled guilty to felony theft. *See* Appx. A, pp.6-7, 11; Appxs. B, C.[2] He was sentenced to two years time served. *See* Appx. A, pp. 12-13; Appxs. B, C.

Crittenden then traveled to Texas where, in 1988, a jury found him guilty of third-degree felony theft for (again) stealing a car. *See* Appx. D, pp. 1-2; *see also* TEX. PENAL CODE. ANN. § 31.03(e)(4)(A) (Vernon 1989) (making theft of property worth between $750 and $20,000 a third-degree felony). Normally, a conviction for a third-degree felony would have merited a sentence of only between two and ten years imprisonment. TEX. PENAL CODE. ANN. § 12.34(a) (Vernon 1974). But because Crittenden had one prior felony conviction, Texas law required him to be sentenced as if he had committed a second-degree felony, which, then as now, carried a punishment of between two and twenty years imprisonment. TEX. PENAL CODE ANN. §§ 12.33(a), 12.42(a) (Vernon 1974). Accordingly, Crittenden was sentenced to fifteen years and a day in prison.[3] Appx. D, p. 2.

On July 30, 1993, while serving his sentence in a Texas state prison, Crittenden was tried and convicted of possessing a deadly weapon in a penal institution, another third-degree felony that called for a sentence of only two to ten years imprisonment. Appx. E, pp. 1-2; *see also* TEX. PENAL CODE. ANN. § 46.11(D) (Vernon Supp. 1993) (classifying possession

---

[2] Because the records in this case are so voluminous and poorly organized, the court has appended the most relevant cited documents to this opinion.

[3] The sentencing judge mistakenly found that Crittenden's prior felony conviction occurred in 1985 when in fact that conviction had been overturned and replaced by his 1987 conviction. Appx. D, p. 2.

of a deadly weapon in a penal institution as a third-degree felony). But because Crittenden now had two prior felony convictions, Texas law mandated a sentence of between twenty-five and ninety-nine years in prison. TEX. PENAL CODE ANN. § 12.42(d) (Vernon 1994). This time, Crittenden was sentenced to fifty years. Appx. E, p.1.

Crittenden appealed his conviction to the Texas First Court of Appeals. That court affirmed the conviction on August 17, 1995. Crittenden did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Crittenden filed four state habeas applications between 1994 and 2004, each of which was denied.

On January 20, 1998, Crittenden filed his first federal habeas petition, which was dismissed as time-barred. Over six years later, on September 20, 2004, he filed a second federal habeas petition, which was dismissed as successive. Crittenden then asked the Fifth Circuit for leave to file another successive petition, which was denied on April 4, 2006.

On May 17, 2007, Crittenden again asked the Fifth Circuit for leave to file a successive habeas petition. The petition that he sought to file this time, however, was different from all of his earlier state and federal petitions. Now Crittenden wanted federal habeas review of his 1988 theft conviction, not his 1993 deadly weapon conviction. Nonetheless, in an opinion issued on October 5, 2007, the Fifth Circuit liberally construed Crittenden's proposed successive petition as a challenge to his 1993 conviction. *See* Appx. F, p. 4. The court found that Crittenden had made a prima facie showing that he met the

requirements for filing a successive petition and consequently granted him leave to file one. *Id.*, pp. 7-8; *see also* 28 U.S.C. § 2244(b)(2) (2006) (setting out the requirements for a federal court to consider a successive habeas petition).

Having received the Fifth Circuit's permission, Crittenden filed his successive habeas petition (his third petition in federal court) on October 26, 2007. It is this petition that the court rules on today.

### Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court must dismiss a new claim raised in a successive habeas petition unless: (1) the petitioner shows either that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) the petitioner shows that (a) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" *and* (b) "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Before a petitioner can file a successive habeas petition, the Fifth Circuit must grant the petitioner leave to do so upon a prima facie showing that AEDPA's requirements have been met. 28 U.S.C. § 2244(b)(3)(C); *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003). But the Fifth Circuit's decision that a petitioner has met AEDPA's

4

requirements is not the end of the matter. The district court must still conduct its own thorough, independent review to determine if the successive petition satisfies AEDPA's requirements. *In re Morris*, 328 F.3d at 741.

### Analysis

Crittenden's petition raises only a single claim: the court unlawfully enhanced his sentence for possession of a deadly weapon because his 1987 conviction was actually for a misdemeanor, not a felony. According to Crittenden, after the appeals court overturned his plea of guilty to felony theft, he entered into a plea bargain in which the state agreed to drop the felony theft charge in exchange for his plea of guilty to a misdemeanor charge of criminal trespass to vehicles. *See* ILL. REV. STAT. 38/21-2 (1985) (classifying criminal trespass to vehicles as a "Class A misdemeanor"). But instead of entering a judgment on the misdemeanor criminal trespass charge, the Illinois circuit court mistakenly entered a judgment on the felony theft charge. Crittenden claims that he tried for years to get the Illinois courts to reform the judgment to reflect the plea bargain but did not succeed until November 24, 2003 when the Illinois circuit court finally reformed the judgment.

Crittenden's only proof of the reformed judgment is a letter from an Illinois public defender dated December 22, 2003. Appx. G. In the letter, the public defender writes that a search of court records revealed that on November 24, 2003—"pursuant to special order"— the charge against Crittenden was changed to "criminal trespassing." *Id.* It was entirely on the basis of this letter that the Fifth Circuit found that Crittenden satisfied the requirements

5

for filing a successive petition. *See* Appx. F, p.7.

Crittenden's court-appointed attorney and the state have now completed their own searches of the Illinois court records. Both sides have concluded that the public defender was mistaken and that Crittenden's 1987 felony theft conviction has never been reformed to a misdemeanor. In light of the records both sides have submitted, the court agrees.

The Illinois circuit court's docket sheet indicates that on November 24, 2003 Crittenden merely filed a *motion* to reform the judgment to criminal trespassing that was *denied* in a subsequent order on December 1, 2003. *See* Appx H, p.3. The docket sheet's representation is confirmed by the more detailed minutes of the clerk (set down in a document entitled "Notification of Motion") and a letter from the clerk to Crittenden informing him that his motion had been denied. *See* Appxs. I, J; *see also* Appx. H, p. 4 (indicating that a denial letter was mailed to Crittenden).

In light of this evidence, the court concludes that Crittenden has not satisfied AEDPA's requirements and, therefore, his petition should be dismissed with prejudice as successive.

First, Crittenden's claim does not rely on a new rule of constitutional law. Rather, it relies on the allegedly new factual development that his 1987 felony theft conviction has been reformed to a misdemeanor.

Second, Crittenden has not shown that "the factual predicate for [his] claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. §

2244(b)(2)(B)(i). The evidence before the court conclusively proves that the Illinois courts never reformed Crittenden's felony conviction to a misdemeanor. There is simply no new factual predicate to support Crittenden's claim, let alone one that Crittenden could not have discovered earlier through due diligence.

Lastly, even if the Illinois circuit court had reformed Crittenden's judgment in 2003, Crittenden would still need to show that absent the finding that he had two prior felony convictions "no reasonable factfinder would have found [him] guilty of the underlying offense." *Id.* § 2244(b)(2)(B)(ii). Yet Crittenden attacks only his sentence, not his underlying conviction for possessing a deadly weapon in a penal institution. In granting Crittenden leave to file his petition, the Fifth Circuit presumed that Crittenden could overcome this obstacle by arguing that the sentence enhancement caused by his prior felony conviction is an "element of the offense" that should have been found by a jury instead of by the sentencing judge. *See* Appx. F, p. 6 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 494 n.19 (2000)). The Supreme Court, however, has held that—*Apprendi* notwithstanding—prior convictions are not elements of an offense that must be found by a jury. *See James v. United States*, 127 S. Ct. 1586, 1600 n.8 (2007) ("[W]e have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes.") (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)); *see also United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007) (holding that the argument that a prior felony conviction should be considered an element of the offense "no longer serves as a legitimate basis for

appeal" in light of *James* and *Almendarez-Torres*). Consequently, even if the judgment had been reformed, Crittenden's claim would challenge only his sentence. Under AEDPA, such a challenge—regardless of merit—cannot be brought in a successive habeas petition.

## Conclusion

For the foregoing reasons, the court recommends that Crittenden's petition be dismissed with prejudice.

Additionally, the court finds that Crittenden has not made a substantial showing that jurists of reason would find it debatable whether he has been denied a constitutional right or whether the court is correct in its procedural ruling. Therefore, the court recommends that certificate of appealability should not issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have ten days from the service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* 28 U.S.C. § 636(b)(1)(c) (2006); Fed. R. Civ. P. 72.

Signed at Houston, Texas on November 13, 2008.

Stephen Wm. Smith
United States Magistrate Judge